Judge Owsley
delivered the opinion of tbe court.
This is an appeal from a decree of the court below, disr missing the appellant’s bill.
The object of the bill is to compel the appellees to surrender the elder legal title, which they are admitted to have obtained for the land in contest, under an adverse claim, but to which the appellant asserts the superior equis ty under the following entry, viz:—
“1st April, 1784 — William Bell enters 3630 acres, be“ing the,residue of 11,000, beginning at the north-east “corner of his entry of 15,000 acres; thence N, 45 E, “200 poles to Licking; thence down the meanders thereof, “when reduced to a straight line, 1640 poles; thence with “David Tanner’s line till it intersects with the line of bis “15,000 acre entry, and along said line to tbe beginning.”
Assuming all the objects called ibr in this enlry, except that of David Tanner's line, lobe sufficiently identified anii Pr°ven, still we should, from the settled course of adj ad ic at ions in this court, be constrained to decide against tbe appellant’s right to relief.
' For as ⅛ lx"uig called for, the line of Tanner must, of Necessity, §>ve shape to the survey, it is impossible, in the absence of all evidence in relation to the situation of the *605 line, (and in the present case there is a total absence of such evidence,) for this court to sav what portion of the land in contest, it any, is included within the limits of Pell’s entry.
Wickliffe for appeliee.
Because, therefore, Tanner’s line is not sufficiently identified, the court below decided correctly in dismissing the appellant’s bill.
The decree must consequently be affirmed with cost.